J-S07044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND PENDLETON | : | |
| | : | |
| Appellant | : | No. 1020 WDA 2020 |

Appeal from the PCRA Order Entered August 24, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003702-2012,
CP-02-CR-0012738-2012

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                              **FILED: APRIL, 2021**

Appellant, Raymond Pendleton, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On November 20, 2013, Appellant entered negotiated guilty pleas at multiple docket numbers to criminal homicide, robbery, criminal conspiracy, persons not to possess firearms, firearms not to be carried without a license, resisting arrest, possession of a small amount of marijuana, involuntary deviate sexual intercourse with a child, criminal attempt—involuntary deviate sexual intercourse with a child, indecent assault (complainant less than 13

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

years of age), endangering the welfare of a child by parent or guardian, corruption of minors, and indecent exposure. That same day, the court sentenced Appellant to the negotiated aggregate sentence of 22½ to 50 years of incarceration. Appellant did not seek direct review of his sentence.

On March 11, 2014, Appellant filed his first PCRA petition, alleging ineffective assistance of counsel because his attorney had coerced his guilty plea, had not discussed the case with him, and was not prepared to go to trial. (**See** PCRA Petition, 3/11/14, at 1-10). The court appointed counsel to assist Appellant with litigating his first PCRA petition, but the court ultimately denied PCRA relief. This Court affirmed the denial of relief on October 30, 2015. **See Commonwealth v. Pendleton**, 134 A.3d 110 (Pa.Super. 2015) (unpublished memorandum).

Appellant filed a second PCRA petition on May 22, 2017, arguing that the Pennsylvania Supreme Court's decision in **Commonwealth v. Burton**, 638 Pa. 687, 158 A.3d 618 (2017), constituted a "newly-discovered fact." (**See** Supplemental PCRA Petition, 5/22/17, at 1-4). Following the PCRA court's dismissal of his petition as untimely and Appellant's appeal, this Court affirmed the denial of PCRA relief on June 22, 2018. **See Commonwealth v. Pendleton**, 193 A.3d 1098 (Pa.Super. 2018) (unpublished memorandum).

On January 29, 2020, Appellant filed the instant PCRA petition, his third. (**See** PCRA Petition, 1/29/20, at 3-4). In his petition, Appellant again alleged plea counsel was ineffective, and claimed the current PCRA petition satisfied

the "new constitutional right" exception. (*Id.* at 4). Specifically, Appellant claimed that pursuant to *Commonwealth v. Rosado*, 637 Pa. 424, 150 A.3d 425 (2016) and *Garza v. Idaho*, ___ U.S. ___, 139 S.Ct. 738, 203 L.Ed.2d 77 (2019), he had been constructively denied counsel because his attorney failed to file a notice of appeal from his judgment of sentence. (*See* Amendment to PCRA Petition, 1/29/20, at 1-5) (unpaginated).

On July 27, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a *pro se* response. On August 24, 2020, the court dismissed the petition as untimely. On September 17, 2020, Appellant timely filed a notice of appeal.[2] The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement, and Appellant filed none.

Appellant raises the following issue for our review:

_____

[2] On November 2, 2020, this Court directed Appellant to show cause why the appeal should not be quashed in light of *Commonwealth v. Walker*, 646 Pa. 456, 185 A.3d 969 (2018), as he had filed a single notice of appeal from multiple docket numbers. In his response, Appellant claimed that he believed he was required to list all underlying dockets on his notice of appeal, but that he actually was appealing only from docket CP-02-CR-12738-2012. (*See* Response to Rule to Show Cause, 11/9/20, at 1-2). Because Appellant is challenging only one docket number in this appeal, there is no *Walker* violation. Moreover, the order denying PCRA relief specifically stated that Appellant had the right to file "**a** Notice of Appeal." (*See* Order, 8/24/20) (emphasis added). Under these circumstances, we could overlook Appellant's failure to comply with *Walker* in any event. *See Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019) (holding that breakdown in operations of court occurs where lower court misinforms appellant regarding his appellate rights). *See also Commonwealth v. Larkin*, 235 A.3d 350 (Pa.Super. 2020) (*en banc*) (reaffirming holding in *Stansbury*).

Whether [Appellant] signed guilty plea explanation of [Appellant's] rights containing a clause stating to preserve his right to direct appeal which plea counsel breached and violated his Sixth Amendment to the U.S. Constitution and Art. V sec 9 of the Pennsylvania Constitution and therefore constituted ineffective assistance of counsel *per se*.

(Appellant's Brief at i).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file a petition within the required statutory window. 42 Pa.C.S.A § 9545(b)(1-2). To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three enumerated timeliness exceptions. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

To satisfy the newly-recognized constitutional right exception under Section 9545(b)(1)(iii), the petitioner must plead and prove: "the right asserted is a constitutional right that was recognized by the Supreme Court

of the United States or the Supreme Court of Pennsylvania after the time provided in this section," and "the right 'has been held' by 'that court' to apply retroactively." ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa.Super. 2014) (citation and brackets omitted). "[A] new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." ***Id.*** at 995 (citations omitted).

Instantly, Appellant's judgment of sentence became final on or about December 20, 2013, after the time period for filing a direct appeal expired. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current petition on January 29, 2020, which is patently untimely. ***See id.*** Appellant now attempts to invoke the newly-recognized constitutional right exception, relying on ***Garza*** and ***Rosado***.

In ***Garza***, the defendant entered a plea agreement containing an appeal waiver; in other words, by signing the agreement, Appellant waived his right to appeal except in certain, specific situations. ***Garza, supra*** at ____, 139 S.Ct. at 742-43. In challenging counsel's ineffectiveness for failure to file an appeal on Appellant's behalf, the Idaho Supreme Court concluded that, given the appeal waiver, the defendant "needed to show both deficient performance and resulting prejudice; it concluded that he could not." ***Id.*** On appeal to the United States Supreme Court, the High Court noted that "the crux of this case

[is] whether **Flores-Ortega's**[3] presumption of prejudice applies despite an appeal waiver." **Garza, supra** at \_\_\_, 139 S.Ct. at 746-47. The Court explained:

> With regard to prejudice, **Flores-Ortega** held that, to succeed in an ineffective-assistance claim in this context, a defendant need make only one showing: "that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." 528 U.S. at 484, 120 S.Ct. 1029. So long as a defendant can show that "counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken," courts are to "presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims." **Ibid.** Because there is no dispute here that Garza wished to appeal…a direct application of **Flores-Ortega's** language resolves this case. **See** 528 U.S. at 484, 120 S.Ct. 1029.
>
> **Flores-Ortega's** reasoning shows why an appeal waiver does not complicate this straightforward application. That case, like this one, involves a lawyer who forfeited an appellate proceeding by failing to file a notice of appeal. **Id.**, at 473–475, 120 S.Ct. 1029. As the Court explained, given that past precedents call for a presumption of prejudice whenever "the accused is denied counsel at a critical stage," it makes even greater sense to presume prejudice when counsel's deficiency forfeits an "appellate proceeding altogether." **Id.**, at 483, 120 S.Ct. 1029. After all, there is no disciplined way to "accord any 'presumption of reliability'…to judicial proceedings that never took place."

**Garza, supra** at \_\_\_, 139 S.Ct. at 747 (some internal citations omitted).

Because Garza had retained a right to appeal at least some issues despite the appeal waiver in the plea agreement, the Court concluded that he was denied

_____

[3] **See Roe v. Flores-Ortega**, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

- 6 -

his right to appeal those issues by counsel's deficient performance. ***Id.*** Thus, the Court

> reaffirm[ed] that, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal," with no need for a "further showing" of his claims' merit…regardless of whether the defendant has signed an appeal waiver.

***Id.***

Contrary to Appellant's assertion, the ***Garza*** Court did not announce a "new constitutional right," but applied the holding of ***Flores-Ortega*** to circumstances involving an appeal waiver. ***Garza, supra*** at ____, 139 S.Ct. at 749-50. Appellant has cited no further case law in support of his contention that ***Garza*** constituted a newly-recognized constitutional right held to apply retroactively to cases on collateral review. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii). Under these circumstances, Appellant's reliance on ***Garza*** does not entitle him to relief. ***See, e.g., Commonwealth v. Garcia***, 23 A.3d 1059 (Pa.Super. 2011), *appeal denied*, 614 Pa. 710, 38 A.3d 823 (2012) (holding application of criminal defendant's long-standing constitutional right to effective assistance of counsel to new set of facts did not create "new constitutional right" under PCRA).

Appellant also relies on ***Rosado***. In that case, the Pennsylvania Supreme Court considered "whether filing an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective

assistance of counsel *per se*." ***Rosado, supra*** at 426, 150 A.3d at 426.

Ultimately, the Court concluded that

> the filing of a brief that raises only waived issues, while technically distinct, is nonetheless akin to failing to file documents perfecting an appeal. There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition for allowance of appeal—thereby forfeiting his client's right to appeal—and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review.

***Id.*** at 434, 150 A.3d at 439-40.

Similar to ***Garza***, the ***Rosado*** Court did not announce a "newly-recognized constitutional right," but applied law regarding the presumption of prejudice in ineffectiveness cases to a new set of facts. Again, Appellant has failed to cite to any case law in support of his contention that ***Rosado*** constituted a newly-recognized constitutional right held to apply retroactively to cases on collateral review.[4] ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii). Consequently, Appellant's reliance on ***Rosado*** does not entitle him to relief. ***See Garcia, supra***. Accordingly, Appellant's current PCRA petition remains time-barred, and we affirm the order denying relief.

Order affirmed.

---

[4] Even if ***Rosado*** recognized a new constitutional right, it was published on November 22, 2016, and petitions asserting one of the time-bar exceptions must be filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Appellant filed his current PCRA petition on January 29, 2020, more than one year after the filing of ***Rosado***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/30/2021